# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv50

| | | |
|---|---|---|
| ACTS RETIREMENT-LIFE COMMUNITIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| TOWN OF COLUMBUS, NORTH CAROLINA, | ) ) ) ) | |
| Defendant. | ) ) | |

Pending before the Court is Plaintiff's Motion to Dismiss [# 14]. Plaintiff, who operates a retirement facility in North Carolina, brought this action challenging the rate that Defendant charges it for water and sewer service. Specifically, Plaintiff contends that Defendant should be charging it the commercial rate instead of the higher residential rate. Plaintiff now moves to voluntarily dismiss three of the claims in the Complaint. Defendant opposes allowing Plaintiff to voluntarily dismiss the claims. The Court **DENIES without prejudice** Plaintiff's motion [# 14].

I.     Background

Plaintiff initiated this action in the Superior Court of Polk County, North

Carolina. The Complaint asserted a number of claims including: (1) a declaration that the rates charged by Defendant violate the Defendant's Charter; (2) a declaration that the rates violate the North Carolina Constitution; (3) a claim that the rates are an unconstitutional discriminatory tax under the North Carolina Constitution and the United States Constitution; (4) a claim that the rates violate the Fourteenth Amendment to the United States Constitution; (5) unjust enrichment; and (6) a request for a permanent injunction. Subsequently, Defendant removed the case to this Court on the basis of federal question jurisdiction. (Def.'s Notice of Removal, Mar. 11, 2011.) Defendant them moved to dismiss the Complaint on a number of grounds. (Def.'s Mot. Dismiss, Jun. 16, 2011).

Approximately two months later, Plaintiff filed a Motion to Dismiss pursuant to Rule 41(a)(2). Plaintiff moves to dismiss without prejudice its third and fourth claims and its second claim to the extent it asserts a claim under Article I of the North Carolina Constitution. (Pl.'s Mot. Dismiss, Aug. 11, 2011.) In addition, Plaintiff moves the Court to remand the case. Defendant opposes allowing Plaintiff to voluntarily dismiss these claims. Plaintiff's motion is now properly before the Court.

## II. Analysis

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request on the terms that the Court deems proper. Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissal unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). Rule 41, however, applies to the dismissal of actions, not claims. See Skinner v. First Am. Bank of Va., 64 F.3d 659 (4th Cir. 1995) (unpublished decision); Gahagan v. North Carolina Highway Patrol, No. 1:00cv52, 2000 WL 33946065, at *2 (W.D.N.C. Oct. 25, 2000) (Thornburg, J.); Hilliard v. RHA Howell Care Ctrs., Inc., No. 1:09cv110, 2009 WL 2177008, at *1 (W.D.N.C. Jul. 21, 2009) (Howell, Mag. J.); Dubnick v. Henderson Cnty. Hosp. Corp., No. 1:08cv465, 2009 WL 2426309, at *12 (W.D.N.C. Jul. 6, 2009) (Howell, Mag. J.); Tenenbaum v. PNC Bank Nat'l Assoc., No. DKC 10-2215, 2011 WL 2038550 (D. Md. May 24, 2011); King v. Cardinal Health 411, Inc., No. 5:10cv112, 2011 WL 3924158 (N.D. W. Va. Sept. 7, 2011). The proper procedural mechanism for Plaintiff to dismiss its federal claims and litigate the remaining state law claims in state court is to move to dismiss the entire action pursuant to Rule 41 and then re-file the action in state court without the federal claims. In the alternative, Plaintiff could request leave to amend the Complaint pursuant to Rule 15 and file an

amended complaint that removed all the federal claims. Plaintiff, however, may not obtain a dismissal of its federal claims pursuant to Rule 41. Accordingly, the Court **DENIES without prejudice** Plaintiff's motion [# 14].

**III. Conclusion**

The Court **DENIES without prejudice** Plaintiff's motion [# 14].

Signed: September 26, 2011

Dennis L. Howell
United States Magistrate Judge