# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv50

| | |
|---|---|
| ACTS RETIREMENT-LIFE COMMUNITIES, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | MEMORANDUM AND RECOMMENDATION |
| TOWN OF COLUMBUS, NORTH CAROLINA, ) ) ) | |
| Defendant. ) _____ ) | |

Pending before the Court is Defendant's Motion to Dismiss [# 5]. Plaintiff, who operates a retirement facility in North Carolina, brought this action challenging the rate that Defendant charges it for water and sewer service. Specifically, Plaintiff contends that Defendant should be charging it the commercial rate instead of the higher residential rate. Defendant moves to dismiss the Complaint on a number of grounds. The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 5].

**I.     Background**

Plaintiff initiated this action in the Superior Court of Polk County, North Carolina. The Complaint asserted a number of claims including: (1) a declaration

that the rates charged by Defendant violate the Defendant's Charter; (2) a declaration that the rates violate the North Carolina Constitution; (3) a claim that the rates are an unconstitutional discriminatory tax under the North Carolina Constitution and the United States Constitution; (4) a claim that the rates violate the Fourteenth Amendment to the United States Constitution; (5) unjust enrichment; and (6) a request for a permanent injunction. Subsequently, Defendant removed the case to this Court on the basis of federal question jurisdiction. (Def.'s Notice of Removal, Mar. 11, 2011.)

Defendant moved to dismiss the Complaint on the grounds that the claims are all barred by the applicable statute of limitations, the claim asserting a violation of the Defendant's charter is superfluous, the claim that the water rate structure is an unconstitutional tax under the North Carolina and United States Constitution fails to state a claim, the direct claims under the North Carolina Constitution must be dismissed because an adequate remedy exists for the same violations, and the Complaint fails to state a claim for an unconstitutional taking under the Fourteen Amendment to the United States Constitution. Defendant's motion is now properly before the Court.

## II. Analysis

In its Response Opposing Defendant's Motion to Dismiss, Plaintiff abandons its Third Claim challenging the tax as unconstitutional and its Second and Fourth Claims to the extent that they assert constitutional claims. (Pl.'s Resp. to Def.'s Mot. Dismiss at p. 9.) Plaintiff does not address the substantive grounds raised by Defendant in its Motion to Dismiss for dismissing these claims. Accordingly, the Court finds that Plaintiff has abandoned these claims, and the Court **RECOMMENDS** that District Court **GRANT in part** the Motion to Dismiss and dismiss with prejudice the constitutional claims asserted in the Complaint.

Defendant removed this case from state court based on federal question jurisdiction. Having abandoned all the federal claims in the Complaint, only the state law claims remain. Accordingly, the Court also **RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over the remaining state law claims and **REMAND** this case to the Superior Court of Polk County, North Carolina. See 28 U.S.C. § 1367(c)(3); Hinson v. Northwest Fin. S.C., Inc., 239 F. 3d 611, 617 (4th Cir. 2001) (holding that the power to remand is inherent in the statutory authority to decline to exercise supplemental jurisdiction over state law claims).

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 5] and dismiss with prejudice the Third Claim and the Second and Fourth Claims to the extent they assert claims for violations of the North Carolina and United States Constitutions. In addition, the Court **RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over the remaining state law claims and **REMAND** this case to the Superior Court of Polk County, North Carolina.

Signed: October 20, 2011

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).