THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv50

| | |
|---|---|
| ACTS RETIREMENT-LIFE COMMUNITIES, INC., ) ) ) Plaintiff, ) ) vs. ) ) TOWN OF COLUMBUS, NORTH ) CAROLINA, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte*.

The Plaintiff ACTS Retirement-Life Communities, Inc. ("ACTS") initiated this action against the Defendant Town of Columbus, North Carolina ("Town") in the Superior Court of Polk County, North Carolina, challenging the rates that the Town charges ACTS for water and sewer service. Specifically, the Complaint seeks (1) a declaration that the rates charged by the Town violate the Town's Charter; (2) a declaration that the rates violate the North Carolina Constitution; (3) a declaration that the rates are unconstitutional discriminatory taxes; (4) a declaration that the rates violate equal protection and are an unconstitutional taking in violation of the Fourteenth Amendment to the United

States Constitution; and (5) a permanent injunction requiring the Town to treat ACTS as a single commercial user for the purposes of the water and sewer charges. [Doc. 1-1]. Additionally, the Complaint seeks an award of monetary damages under a theory of unjust enrichment. [Id.]. The Town removed the case to this Court on the basis of federal question jurisdiction. [Doc. 1].

Currently pending before the Court are the Defendant's Motion to Dismiss [Doc. 5]; the Memorandum and Recommendation of the Magistrate Judge regarding the disposition of Defendant's Motion [Doc. 21]; and the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 22].

Review of the Town's Motion to Dismiss, the Magistrate Judge's Memorandum and Recommendation, and the Plaintiff's Objections thereto has led the Court to question whether the Court may properly exercise subject matter jurisdiction in this case. The issue of subject matter jurisdiction may be raised at any time either by a litigant or the Court. Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884). In particular, the Court questions whether the Johnson Act, codified at 28 U.S.C. § 1342, divests the Court of jurisdiction to entertain ACTS's claims.

**IT IS, THEREFORE, ORDERED** that on or before **January 11, 2012,** the parties shall file briefs addressing the applicability of the Johnson Act to this case. Such briefs shall not exceed ten (10) pages in length and shall be double-spaced with fourteen-point type.

**IT IS SO ORDERED.**

Signed: December 21, 2011

Martin Reidinger
United States District Judge

3